UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MATTHEW STEVENS,

    Plaintiff,

v.                                Case No.:

JMCKLC INC. d/b/a CITARELLA
TERMITE AND PEST MANAGEMENT,
KEVIN CITARELLA, individually,
and FL PEST PROS LLC,

    Defendant.
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, MATTHEW STEVENS, by and through undersigned counsel, brings this action against Defendants, JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, KEVIN CITARELLA, and FL PEST PROS LLC, and in support of his claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), and for unpaid wages under Florida common law.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. The Court also has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in the Middle District of Florida because all of the events giving rise to these claims occurred in Pasco County and Hernando County, Florida.

## PARTIES

4. Plaintiff is a resident of Pinellas County, Florida.

5. Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT operates or previously operated a pest control company in Hernando County, Florida.

6. Defendant KEVIN CITARELLA, upon information and belief, is a resident of Hernando County, Florida.

7. Defendant FL PEST PROS LLC operates a pest control company in Hernando County, Florida.

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendants JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT and FL PEST PROS LLC were each an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, KEVIN CITARELLA, and FL PEST PROS LLC continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, and FL PEST PROS LLC were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT and FL PEST PROS LLC each exceeded $500,000 per year.

17. Defendant KEVIN CITARELLA was and is the owner of Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT and is, upon information and belief, a Managing Partner of Defendant FL PEST PROS LLC.

18. As part of his duties, Defendant KEVIN CITARELLA supervised Plaintiff, and exercised control over the wages, hours, and working conditions of Plaintiff. Defendant KEVIN CITARELLA also controlled the payroll practices of

Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT and, upon information and belief, those of Defendant FL PEST PROS LLC.

19. Through the exercise of dominion and control over all employee-related matters at Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, Defendant KEVIN CITARELLA in his individual capacity was and continues to also be an "employer" within the meaning of the FLSA.

20. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

**FACTS**

21. Plaintiff began working for Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT as a Lawn Care Technician on March 15, 2024, and he worked in this capacity until October 23, 2024.

22. In exchange for Plaintiff's services, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT agreed to pay Plaintiff a fixed weekly salary of $1,000, equivalent to $52,000 annually.

23. However, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT failed to pay all wages owed to Plaintiff, including two days of Paid Time Off (PTO) and uncompensated overtime hours worked in excess of forty (40) hours per week.

24. Plaintiff's unpaid amounts constitute "wages" under Florida common law.

25. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, and he was entitled to be compensated for these overtime hours at a rate equal to one and one-half times his regular hourly rate.

26. However, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT failed to pay Plaintiff an overtime premium for all of the overtime hours that he worked, in violation of the FLSA.  This includes approximately 10 hours per week of unpaid work, which consisted of tasks such as performing lawn care services, completing customer call-ahead appointments after hours, and preparing handwritten production logs to document his work.

27. Plaintiff regularly worked 50 hours per week; Plaintiff's typical workday began between approximately 5:00 AM and 7:00 AM, and ended at 5:00 PM.  Although Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT did not provide set hours for Plaintiff's schedule, the nature of Plaintiff's position and his assigned tasks required these extended hours.  Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT did not provide any formal guidance or rules regarding breaks or lunch periods, and Plaintiff frequently worked without a break due to his workload.

28. Plaintiff was also required to independently manage customer communications, including call-ahead notifications to clients.  This process took

an additional 60 to 90 minutes daily, typically performed at Plaintiff's home after completing physical lawn care tasks.

29. Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT did not communicate clear policies regarding overtime pay, nor did they address Plaintiff's inquiries on the matter.

30. Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT also failed to maintain a formal timekeeping system to accurately track Plaintiff's hours worked. Instead, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT required Plaintiff to document his daily activities, including hours worked, customer names, and mileage, on handwritten production logs, which Plaintiff submitted to Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT via email each day.

31. In addition, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT did not provide Plaintiff with pay stubs throughout his employment, leaving him unable to verify payroll deductions or the specific terms of his salary agreement.

32. In or around August 2024, Plaintiff attempted to use PTO for a two-day vacation. This was communicated to and approved by his General Manager. However, despite completing his workload prior to his absence, Plaintiff was not paid for the time off.

33. On multiple occasions, Plaintiff attempted to address his compensation concerns with Defendant, JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT such as requesting a performance evaluation to discuss his employment terms, including his compensation. However, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT never scheduled or conducted the evaluation, preventing Plaintiff from raising concerns about his unpaid overtime or PTO.

34. On or around October 1, 2024, Plaintiff's manager, Mike (last name unknown), instructed him to purchase a leaf blower and other equipment for work, assuring him of reimbursement. Plaintiff complied and submitted a receipt of the expense as directed, which totaled approximately $500.

35. On or around October 7, 2024, Plaintiff requested reimbursement from Defendant's owner, Kevin Citarella, who refused to cover the full cost, claiming the purchase was unauthorized. On or around October 23, 2024, Plaintiff's manager, Mike, confirmed to Mr. Citarella that he had authorized the purchase. However, despite this confirmation, Mr. Citarella became upset and told Plaintiff, "Give me the receipt, and I'm going to terminate you and write you a check."

36. Plaintiff's employment was effectively terminated on October 23, 2024; Mr. Citarella only partially reimbursed Plaintiff for the leaf blower expense, writing him a check for approximately $422.

37. Upon information and belief, JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT has ceased operating as a separate entity and/or is otherwise unable to satisfy any judgment for FLSA damages.

38. Upon information and belief, Defendant FL PEST PROS, LLC is a newly formed company operating the same line of business as Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, and has continued JMCKLC's operations with substantial continuity since November 1, 2024.

39. Specifically, upon information and belief:

(a) JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT now advertises itself as "a division of" Defendant FL PEST PROS, LLC;

(b) FL PEST PROS, LLC operates within the same vicinity as and services the previous customer accounts and contracts of JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT;

(c) FL PEST PROS, LLC utilizes the same tools, equipment, and materials as JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT;

(d) FL PEST PROS, LLC employs many of the same employees and management of JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, including KEVIN CITARELLA;

(e) FL PEST PROS, LLC serves the same customers and provides the same services as JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT;

40. Defendant FL PEST PROS, LLC had notice of the claims against JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT prior to and during its formation, as the same ownership and/or management – including KEVIN CITARELLA – operated Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT and is now a Managing Partner of FL PEST PROS, LLC.

41. Plaintiff regularly worked more than 40 hours per week, entitling him to overtime compensation under the Fair Labor Standards Act (FLSA). However, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT failed to implement adequate timekeeping measures, and did not compensate Plaintiff for hours worked beyond 40 nor pay him the required overtime premium for these hours. Furthermore, Defendant consistently avoided addressing Plaintiff's concerns regarding his compensation and overtime eligibility.

42. Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT's failure to implement timekeeping measures and pay Plaintiff overtime wages constitutes a violation of Plaintiff's rights under the FLSA. Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST

MANAGEMENT's actions were willful and showed reckless disregard for the provisions of the FLSA.

43. Additionally, Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT's failure to pay Plaintiff for two days of Paid Time Off (PTO) and for overtime hours worked in excess of forty (40) hours per week, constitutes a clear violation of Plaintiff's rights under Florida common law.

44. Defendant FL PEST PROS, LLC had notice of the pending action, and there is continuity between the operations and work force of it and Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT, and therefore FL PEST PROS, LLC is liable as a successor employer under the FLSA for Defendant JMCKLC INC. d/b/a CITARELLA TERMITE AND PEST MANAGEMENT's violations herein.

## COUNT I – FLSA OVERTIME VIOLATION

45. Plaintiff realleges and readopts the allegations of paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

46. During the statutory period, Plaintiff worked overtime hours while employed by Defendants, and he was not compensated for all of these hours in accordance with the FLSA.

47. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

48. As a result of the foregoing, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff demands:

a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

b) Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

c) An equal amount to Plaintiff's overtime damages as liquidated damages;

d) To the extent liquidated damages are not awarded, an award of prejudgment interest;

e) A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

f) All costs and attorney's fees incurred in prosecuting these claims; and

g) For such further relief as this Court deems just and equitable.

## **COUNT II – UNPAID WAGES UNDER FLORIDA COMMON LAW**

49. Plaintiff realleges and readopts the allegations of paragraphs 1 through 44 of this Complaint, as though fully set forth herein.

50. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

51. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff, including two days of Paid Time Off (PTO), and overtime pay for any hours worked over forty (40) in a workweek.

52. As a result of the foregoing, Plaintiff has suffered damages.

***WHEREFORE***, Plaintiff demands:

    a)    A jury trial on all issues so triable;

    b)    That process issue, and that this Court take jurisdiction over the case;

    c)    Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08; and

    e)    For such further relief as this Court deems just.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of October, 2025.

       Respectfully submitted,

       */s/ Erin L. Centrone*
       **ERIN L. CENTRONE**
       Florida Bar Number: 100189
       **WENZEL FENTON CABASSA P.A.**
       1110 N. Florida Avenue, Suite 300
       Tampa, Florida 33602
       Main No.: 813-224-0431
       Direct No.: 813-223-6413
       Facsimile No.: 813-556-7875
       Email: ecentrone@wfclaw.com
       Email: mrivera@wfclaw.com
       **Attorneys for Plaintiff**